## IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | |
|---|---|
| NOVELETTE LUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| KANSAS CITY KANSAS | ) |
| SCHOOL DISTRICT | ) |
| | )   Case No. 2:21-cv-2241 |
| Serve Registered Agent at: | ) |
| 2010 N. 59th Street | ) |
| Kansas City, Kansas 64104 | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT FOR DAMAGES
**Allegations Common to All Counts**

COME NOW plaintiff Novelette Luster for her Complaint against defendant Kansas City Kansas Public School District and states and alleges as follows:

### Nature of the Claims

1.     This is an action for legal and equitable relief to redress the deprivation of plaintiff's civil rights pursuant to the Civil Rights Act of 1964, 42 USC § 2000e *et seq.* and 42 U.S.C. § 1981, and for retaliation in violation of 42 USC § 2000e *et seq,* Title VII and 42 U.S.C. § 1981.

### Parties

2.     Plaintiff Novelette Luster is an individual citizen and resident of Johnson County, Kansas; she is an African American Female who is over the age of forty, and was a special education teacher who worked at Northwest Middle School, and, at all times mentioned herein, was employed by defendant Kansas City, Kansas Public School District at its location in the City of Kansas City, Wyandotte County, Kansas.

3.      Defendant Kansas City, Kansas School District (hereinafter referred to as "KCKSD") is legally organized, created, and established under and by virtue of the laws of the State of Kansas and has committed tortious acts in the State of Kansas; with its principal place of business at 2010 N. 59th Street, Kansas City, Kansas 64104; and is responsible for the actions, policies, practices, and customs of Kansas City, Kansas Public School District as well as the hiring, screening, training, supervision, controlling, and disciplining of management staff, administrative workers, and other employees and agents of the KCKSD.

4.      At all times mentioned herein, each of defendant KCKSD's employees referenced in this Complaint were the agents, servants, and employees of defendant KCKSD.

### Jurisdiction and Venue

5.      This Court has jurisdiction over the claims enumerated herein pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to plaintiff' claims occurred at the Northwest Middle School located at 2400 N 18th St, Kansas City, Wyandotte County, Kansas; plaintiff were first injured in Wyandotte County, Kansas, and because defendant transacts business within Wyandotte County, Kansas.

### Administrative Proceedings

7.      On or about June 30, 2020, plaintiff Luster timely filed an amended charge of discrimination against defendant KCKSD with the Equal Employment Opportunity Commission. A copy of plaintiff Luster's charge of discrimination is attached hereto as Exhibit "A", and by this reference is made a part hereof.

8.      On or about October 10, 2020, plaintiff Luster timely filed an amended charge of discrimination against KCKSD with the Equal Employment Opportunity Commission.  A copy of plaintiff Luster's charge of discrimination is attached hereto as Exhibit "B", and by this reference is made a part hereof.

9.      Plaintiff Luster's Right to Sue Notice from the U.S. Equal Employment Opportunity Commission is dated February 25, 2020, and Plaintiff's Complaint for employment discrimination was timely filed within ninety days of the date of the Right to Sue Notice. A copy of plaintiff's Notice of Right to Sue is attached hereto as Exhibit "C".

10.     This action has been timely filed with this Court and plaintiff Luster has fully complied with all administrative prerequisites before filing this action.

## Factual Allegations

11.     At all times mentioned herein, plaintiff Luster was lawfully employed as a special education teacher at Northwest Middle School.

12.     At all times mentioned herein plaintiff Luster's immediate supervisors was the principal Dr. Donnie Mitchell.

13.     At all times mentioned herein, defendant KCKSD knew that Northwest Middle School Teachers (hereinafter referred to as "teachers") would be violently attacked by the middle school students on a frequent basis.

14.     At all times mentioned herein, African American teachers were defenseless and received little to no support from defendant KCKSD.

15.     At all times mentioned herein, defendant KCKSD rarely punished or disciplined

the violent students or attempted to resolve the hostile environment against teachers at Northwest Middle School.

16.     At all times mentioned herein, similarly situated Caucasian teachers who have been attacked would be immediately taken to the nurse's office for their injuries, instructed to write an incident report to submit it to the administration, and have the video tape of the incident reviewed to corroborate their testimonies.

17.     At all times mentioned herein, the African American teachers at Northwest Middle School were more severely scrutinized than similarly situated Caucasian teachers who worked at KCKSD.

18.     At all times mentioned herein, defendant KCKSD targeted and discriminated against the African American Teachers at Northwest Middle School by refusing and failing to apply the same investigative procedures and classroom control to other classrooms maintained by similarly situated Caucasian teachers at KCKSD, because of defendant KCKSD's desire to not adversely affect other classrooms with these unsafe conditions.

19.     From 2018 to June 2020, plaintiff Luster made multiple reports to defendant KCKSD about the unsafe conditions in her classroom.

20.     In October 2019, defendant KCKSD increased plaintiff Luster's class size from 14 to 27 students; this was beyond the legal class size limit, therefore causing her class to become unmanageable; in addition, plaintiff Luster did not receive any additional help or support from defendant KCKSD to accommodate this change.

21.     In October 2019, defendant KCKSD intentionally and willfully caused plaintiff

4

Luster's classroom and other similarly situated African American teachers' classrooms to become the dumping ground for Northwest Middle School's most violent and dangerous students.

22.     However, defendant KCKSD would avoid placing these violent and problematic students in similarly situated Caucasian teachers' classrooms.

23.     From October 2019 up until February 2020, plaintiff Luster reported to defendant KCKSD on numerous occasions that she felt her life and the lives of her students were in danger because of her class conditions.

24.     From October 2019 up until February 2020, plaintiff Luster made these reports to the office, over the telephone line, through written statements, pressing the panic button, talking with defendant KCKSD, and through emails.

25.     However, defendant KCKSD refused to provide any significant discipline or consequences for these violent students behavior, in addition, defendant KCKSD failed to provide any additional support or any other remedy to the classroom's violent tendencies; as a result of defendant KCKSD's negligence, the students were encouraged to become more and more violent.

26.     From October 2019 up until January 2020, plaintiff Luster has specifically reported a student named Mister Robinson for his violent and aggressive behavior, but nothing was done.

27.     On January 8, 2020, Mister Robinson violently attacked plaintiff Luster in her classroom, which forced her to defend herself and her students and caused plaintiff Luster to

suffer numerous injuries.

28.      On January 8. 2020, after the attack ended, plaintiff Robinson pleaded for defendant KCKSD to send assistance for her injuries; however, because of her race and history of reports, defendant KCKSD forced plaintiff Luster to sit in a classroom alone for over an hour and refused to send over a nurse; additionally, defendant KCKSD treated her in a criminal matter, forcing her to be interrogated by a Kansas City, Kansas Police Officer, write a statement and be escorted off the premises before she was able to receive medical assistance for her injuries.

29.      In addition, on January 8, 2020, defendant KCKSD did not view the surveillance video tape or perform any investigative research on plaintiff Luster's behalf.

30.      On January 8, 2020, plaintiff Luster was notified that she was suspended from Northwest Middle School.

31.      Pursuant to her contract, defendant KCKSD was under an obligation to communicate to plaintiff Luster as to whether her contract would be renewed for the following year before April 2020.

32.      However, defendant KCKSD refused to communicate with plaintiff Luster until May 11, 2020, at this meeting plaintiff Luster reported to defendant KCKSD that her complaints about Northwest Middle School's unsafe conditions and her race were the basis of her disparate treatment and suspension.

33.      On May 27, 2020, plaintiff Luster was scheduled for a Loudermill hearing, but defendant KCKSD rescheduled the hearing to June 3, 2020, because her attorney was present.

34.     On June 3, 2020, plaintiff Luster attended the Loudermill hearing and demanded evidence and the official reason for her termination; the district attorney stated that the reason for termination was for harming another student, but never presented any evidence to substantiate these claims.

35.     On June 3, 2020, plaintiff Luster reported to defendant KCKSD again that her suspension and recommendation for termination was based upon her race and complaints about the unsafe conditions of Northwest Middle School.

36.     After the hearing, plaintiff Luster was allowed to return to her classroom to pick up her personal belongings, only to discover that her classroom was trashed and her personal property was stolen; up to this day defendant KCKSD still has not reimbursed her for these losses.

37.     In June 2020, defendant KCKSD notified plaintiff Luster that her termination hearing would be scheduled on June 23, 2020, but plaintiff Luster was provided with no zoom link and no information on where the hearing was to be held.

38.     Due to defendant KCKSD's behavior, plaintiff Luster accepted another position at Shawnee Mission School District.

39.     On June 24, 2020, plaintiff Luster was notified via email that defendant KCKSD approved to terminate her employment and would proceed to have a full hearing on whether to fully terminate her employment on a later date.

40.     On June 30, 2020, plaintiff Luster filed her initial EEOC complaint against defendant KCKSD.

41.     On July 16, 2020, plaintiff Luster was notified that her new position at Shawnee Mission School District was cancelled, because defendant KCKSD directly communicated with Shawnee Mission School District and unlawfully and wrongfully told Shawnee Mission School District that she was fired from KCKSD.

42.     Defendant KCKSD directly communicated with Shawnee Mission School District to retaliate against plaintiff Luster for her EEOC Complaint.

43.     Plaintiff Luster was never fired from KCKSD, but in fact resigned from KCKSD in August 2020.

44.     As a result of this communication, Shawnee Mission School District forced plaintiff Luster to resign from her new position, causing her to lose $54,515 in earnings.

## COUNT I

### Title VII – Racial Discrimination and Harassment

COMES NOW plaintiff Novelette Luster and for Count I of this Complaint against defendants KCKSD, states and alleges as follows:

45.     Plaintiff Luster adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

46.     Plaintiff Luster was lawfully employed by defendant KCKSD as a Teacher at Northwest Middle School, until her resignation in August 2020.

47.     This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

48.     Plaintiff Luster's complaints of racial discrimination and harassment constituted a protected activity.

8

49.     During the course and scope of plaintiff Luster's employment, defendant KCKSD's agent, employees and representatives, acting within the course and scope of their employment, engaged in the practice of intentional discrimination of plaintiff Luster based on her race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

50.     Regarding defendant KCKSD, the harassment and discrimination shown through the unsafe conditions of her classroom, unfair and unregulated tendencies to not follow policies and procedures, unequal punishments, improper and biased investigative practices, and discriminatory punishment practices of defendant KCKSD's management had the purpose and effect of unreasonably interfering with plaintiff Luster work performance thereby creating an abusive, hostile, offensive and intimidating work environment.

51.     Defendant KCKSD violated plaintiff Luster civil rights by suspending plaintiff Luster's employment based on plaintiff Luster's complaints of race discrimination, intimidation based on plaintiff Luster's race.

52.     The actions and conduct of defendant KCKSD's representatives acting within the course and scope of employment created an abusive, hostile, offensive and intimidating work environment by allowing the unsafe conditions of her classroom, unfair and unregulated tendencies to not follow policies and procedures, unequal punishments, improper and biased investigative practices, and discriminatory punishment practices of defendant KCKSD's management compared to similarly situated Caucasian teachers, and discriminatory punishment practices of the management thereby detrimentally affecting plaintiff Luster.

53.     The unsafe conditions of her classroom, unfair and unregulated tendencies to not

9

follow policies and procedures, unequal punishments, improper and biased investigative practices, and discriminatory punishment practices of defendant KCKSD's management staff would have detrimentally affected a reasonable person of the same race  under the same or similar circumstances as plaintiff Luster's.

54.     Defendant KCKSD knew or should have known of the pervasive harassment and racial discrimination problems described herein, but failed to address the problem and further failed to implement effective and appropriate procedures to stop and remedy the harassment and racial discrimination.

55.     Defendant KCKSD fostered a hostile and abusive work environment where plaintiff Luster worked by failing to provide an effective anti-harassment training program for its supervisors, managers and employees.

56.     By failing to conduct a prompt investigation of plaintiff Luster's complaints of race discrimination, defendant KCKSD exacerbated the discriminatory and hostile work environment to which plaintiff Luster was subjected.

57.     Defendants KCKSD, by and through its agents and employees engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Luster's federally protected rights.

58.     The actions and conduct of defendants KCKSD's staff were outrageous, because of their evil motive to damage or destroy plaintiff Luster's right to fair pay and right to equal treatment, and/or their reckless indifference or conscious disregard for the federally protected rights of Luster.

59.     Further, the above-described conduct of defendants KCKSD interfered with plaintiff Luster's work performance and adversely affected plaintiff Luster's employment, health and home life.

60.     The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Luster and others similarly situated entitling plaintiff Luster to punitive damages from defendants KCKSD to punish defendant and to deter defendants and others from like conduct.

61.     Plaintiff Luster has been (and continues to be) damaged as a direct and proximate result of defendants KCKSD's actions causing plaintiff Luster severe and continuing injuries, including, but not limited to:

    a.     emotional pain and suffering;
    b.     insult;
    c.     mental distress;
    d.     embarrassment;
    e.     humiliation;
    f.     anxiety; and
    g.     inconvenience.

WHEREFORE, plaintiff Novelette Luster requests that this Court, after a trial by jury of her claims, enter Judgment against defendants KCKSD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k),  the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT II
**Title VII - Race Retaliation**

COMES NOW plaintiff Novelette Luster and for Count II of this Complaint against defendant KCKSD, states and alleges as follows:

62.     Plaintiff Luster adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

63.     This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

64.     Plaintiff Luster's complaints of racial discrimination and harassment constituted a protected activity.

65.     By reason of plaintiff Luster's complaints, defendant KCKSD retaliated against plaintiff Luster resulting in plaintiff being harassed, unfairly disciplined, suspended and constructively terminated.

66.     At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCKSD were agents, servants and employees of defendant KCKSD acting within the course and scope of their employment.

67.     Defendant KCKSD's retaliation against plaintiff Luster was intentional, willful, and malicious, and constituted a willful violation of plaintiff Luster's federally protected rights.

68.     At the time defendant KCKSD retaliated against plaintiff Luster, defendant KCKSD knew that such retaliation was unlawful.

69.     The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Luster and

others similarly situated entitling plaintiff Luster to punitive damages from defendant KCKSD to punish and deter defendant and others from like conduct.

70.     Plaintiff Luster has been (and continues to be) damaged as a direct and proximate result of defendant KCKSD's actions causing plaintiff Luster severe and continuing injuries, including, but not limited to:

|   |   |
|---|---|
| a. | emotional pain and suffering; |
| b. | insult; |
| c. | mental distress; |
| d. | embarrassment; |
| e. | humiliation; |
| f. | anxiety; and |
| g. | inconvenience. |

WHEREFORE, plaintiff Novelette Luster requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCKSD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k),  the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT III
### Violation of 42 U.S.C. §1981

COMES NOW plaintiff Novelette Luster and for Count III of this Complaint against defendant KCKSD, states and alleges as follows:

71.     Plaintiff Luster adopts and incorporates all paragraphs of this Complaint as

though fully set forth herein.

72.     This action is brought pursuant to 42 U.S.C. § 1981.

73.     During the course and scope of plaintiff Luster's employment, defendant KCKSD's representatives, agents and employees, acting within the course and scope of their employment, engaged in the practice of intentional discrimination against plaintiff Luster based on her race in the making and enforcing of a contract.

74.     Defendant KCKSD, by and through its representatives, agents, and employees, engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Luster's federally protected rights.

75.     The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Luster and others similarly situated entitling plaintiff Luster to an award of punitive damages from defendant KCKSD to punish defendant and to deter it and others from like conduct.

76.     As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Luster has suffered and will continue to suffer damages including lost wages and emotional distress.

77.     Plaintiff Luster has been (and continues to be) damaged as a direct and proximate result of defendant KCKSD's  actions causing plaintiff Luster severe and continuing injuries, including, but not limited to:

a.     emotional pain and suffering;
b.     insult;
c.     mental distress;
d.     embarrassment;

14

e.    humiliation;
f.    anxiety; and
g.    inconvenience.

WHEREFORE, plaintiff Novelette Luster requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCKSD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses,  the costs of this action; and for such further relief as the Court considers just and proper.

### COUNT IV
### 42 U.S.C. § 1981 - Race Retaliation

COMES NOW plaintiff Novelette Luster and for Count IV of this Complaint against defendant KCKSD, states and alleges as follows:

78.    Plaintiff Luster adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

79.    This action is brought pursuant to 42 U.S.C. § 1981.

80.    Plaintiff Luster's complaints of racial discrimination and harassment constituted a protected activity.

81.    By reason of plaintiff Luster's complaints, defendant KCKSD retaliated against plaintiff Luster resulting in plaintiff Luster being harassed, unfairly disciplined and constructively discharged.

82.    At all times mentioned herein, the above-mentioned management and supervisory

15

staff of defendant KCKSD were agents, servants and employees of defendant KCKSD acting within the course and scope of their employment.

83.    Defendant KCKSD's retaliation against plaintiff Luster was intentional, willful, and malicious, and constituted a willful violation of plaintiff Luster's federally protected rights.

84.    At the time defendant KCKSD retaliated against plaintiff Luster, defendant KCKSD knew that such retaliation was unlawful.

85.    The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Luster and others similarly situated entitling plaintiff Luster to an award of punitive damages from defendant KCKSD to punish and deter defendant and others from like conduct.

86.    As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Luster has suffered and will continue to suffer damages including lost wages and emotional distress.

87.    Plaintiff Luster has been (and continues to be) damaged as a direct and proximate result of defendant KCKSD's actions causing plaintiff Luster severe and continuing injuries, including, but not limited to:

a.    emotional pain and suffering;
b.    insult;
c.    mental distress;
d.    embarrassment;
e.    humiliation;
f.    anxiety; and
g.    inconvenience.

WHEREFORE, plaintiff Novelette Luster requests that this Court, after a trial by jury of

16

her claims, enter Judgment against defendant KCKSD granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct, including racial discrimination, harassment and retaliation prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses,  the costs of this action; and for such further relief as the Court considers just and proper.

**COUNT V**
**Title VII - EEO Complaint Retaliation**

COMES NOW plaintiff Novelette Luster and for Count V of this Complaint against defendant KCKSD, states and alleges as follows:

88.    Plaintiff Luster adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

89.    This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

90.    Plaintiff Luster's complaints of racial discrimination and harassment constituted a protected activity.

91.    By reason of plaintiff Luster's EEO complaints, defendant KCKSD retaliated against plaintiff Luster by unlawfully and wrongfully telling Shawnee Mission School District that plaintiff Luster was fired from KCKSD.

92.    At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCKSD were agents, servants and employees of defendant KCKSD acting within the course and scope of their employment.

17

93.     Defendant KCKSD's retaliation against plaintiff Luster was intentional, willful, and malicious, and constituted a willful violation of plaintiff Luster's federally protected rights.

94.     At the time defendant KCKSD retaliated against plaintiff Luster, defendant KCKSD knew that such retaliation was unlawful.

95.     The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Luster and others similarly situated entitling plaintiff Luster to punitive damages from defendant KCKSD to punish and deter defendant and others from like conduct.

96.     Plaintiff Luster has been (and continues to be) damaged as a direct and proximate result of defendant KCKSD's actions causing plaintiff Luster severe and continuing injuries, including, but not limited to:

        a.     emotional pain and suffering;
        b.     insult;
        c.     mental distress;
        d.     embarrassment;
        e.     humiliation;
        f.     anxiety; and
        g.     inconvenience.

WHEREFORE, plaintiff Novelette Luster requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCKSD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k),  the costs of this action; and for such further relief as the

Court considers just and proper.

<h3 align="center">COUNT VI</h3>

<h3 align="center">Retaliatory Discharge – Whistleblowing</h3>

COMES NOW plaintiff Novelette Luster and for Count VI of this Complaint against defendant, states and alleges as follows:

97.     Plaintiff Luster adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

98.     This action is brought pursuant to Kansas and Federal law.

99.     This Court has jurisdiction over the claims enumerated herein pursuant to 28 U.S.C. § 1367.

100.     At all times mentioned herein, the above-mentioned individuals were agents, servants and employees of defendant acting within the course and scope of their employment.

101.     Plaintiff Luster informed defendant that its management and staff had engaged in activities that violated Federal and State rules, regulations and laws pertaining to public health and safety and the general welfare.

102.     Specifically, plaintiff Luster informed the defendant that management and staff were unlawfully overcrowding classrooms and created unsafe conditions for her and her students.

103.     Plaintiff Luster reported to the defendant in good faith, as she was concerned about the wrongful activity and waste caused by Defendant KCKSD's management and staff.

104.     Defendant KCKSD had knowledge that plaintiff Luster reported the violations

prior to her suspension and constructive discharge.

105.    By reason of plaintiff Luster's complaints, defendant KCKSD retaliated against plaintiff Luster resulting in plaintiff Luster being harassed, unfairly disciplined and discharged.

106.    Plaintiff Luster was immediately suspended in retaliation after reporting these numerous violations to the Defendant KCKSD.

107.    Defendant's retaliation against plaintiff Luster was intentional, willful, and malicious, and constituted a willful violation of plaintiff Luster's State and Federally protected rights.

108.    At the time, defendant KCKSD retaliated against plaintiff Luster, defendant knew that such retaliation was unlawful.

109.    The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Luster and others similarly situated, entitling plaintiff Luster to an award of punitive damages from defendant to punish and deter defendant and others from like conduct.

110.    As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Luster has suffered and will continue to suffer damages including lost wages and emotional distress.

111.    Plaintiff Luster has been (and continues to be) damaged as a direct and proximate result of defendant's actions causing plaintiff Luster severe and continuing injuries, including, but not limited to:

        a.     emotional pain and suffering;
        b.     insult;

    c.     mental distress;
    d.     embarrassment;
    e.     humiliation;
    f.     anxiety; and
    g.     inconvenience.

WHEREFORE, plaintiff Novelette Luster requests that this Court, after a trial by jury of her claims, enter Judgment against defendant granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct including whistleblower retaliation and harassment prohibited by Kansas common law; reinstatement; an award of such compensatory and punitive damages as are fair and reasonable; equitable relief; plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT VII
### Conversion

COMES NOW plaintiff Novelette Luster and for Count VII of this Complaint against defendant, states and alleges as follows:

112.    Plaintiff Luster adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

113.    Since August 2019, plaintiff Luster stored, used and/or maintained personal property at the Northwest Middle School.

114.    On or about January 8, 2020, defendant KCKSD prohibited plaintiff Luster from returning to her classroom until June 2020.

115.    On June 2020, plaintiff Luster discovered that defendant KCKSD improperly and

unlawfully removed, misplaced, and stole her personal property.

116.    As of this date, defendant KCKSD is still in possession of plaintiff Luster's property.

117.    Such possession and taking of plaintiff Luster's property was a conversion of property and was unlawful, purposeful, and without plaintiffs' consent.

118.    As a result of the defendant's actions, plaintiff Luster has sustained damages, including the fair rental value of the other personal property that remained in the defendant KCKSD's possession until today.

WHEREFORE, plaintiff Luster prays for a judgment in their favor and against defendant KCKSD on Count VII of the Complaint for the damages of her converted property plus the fair rental value of the other personal property that remained in the defendant's possession, plus pre-judgment and post-judgment interest at the highest rate allowed by law; for the costs of this action; and for such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Novelette Luster hereby request trial by jury for all issues triable by jury.

Respectfully submitted by:        **THE STACY LAKE FIRM, LLC**

/s/ Stacy A. Lake
Stacy A. Lake, KS Bar No. 27020
P.O. Box 412713
Kansas City, MO  64141
(913) 602-0787
stacylake808@gmail.com

**ATTORNEY FOR PLAINTIFF**

22